UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Briggs & Riley Travelware, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> Travel Caddy, Inc. d/b/a Travelon, <br><br> Defendant. | Civil Action No. 2:18-cv-7290 <br><br> **Jury Trial Demanded** |

# COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Plaintiff Briggs & Riley Travelware, LLC. ("Briggs & Riley"), for its Complaint against Defendant Travel Caddy, Inc. d/b/a Travelon ("Travelon" or "Defendant") alleges the following:

## The Parties

1. Briggs & Riley is a limited liability company organized under the laws of the State of New York with a place of business at 400 Wireless Boulevard, Hauppauge, New York 11788.

2. On information and belief, Travelon is a company organized and existing under the laws of the State of Illinois, with its principal place of business at 700 Touhy Avenue, Elk Grove Village, Illinois.

## Jurisdiction and Venue

3. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,742,636 ("the '636 Patent") arising under the Patent Laws of the United States, 35 U.S.C. §1 *et seq.* A copy of the '636 Patent is attached hereto as Exhibit A.

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338 and 2201 because the Complaint states claims arising under an Act of Congress relating to patents, including but not limited to 35 U.S.C. §271 and seeks relief under the Federal Declaratory Judgment Act.

5.      This Court has jurisdiction over the Plaintiff's declaratory judgment claim pursuant to 28 U.S.C. §§2201 *et seq.* based on Defendant's threats to sue Plaintiff for patent infringement, thereby giving rise to an actual case or controversy under 28 U.S.C. §§2201 and 2202.

6.      On October 10, 2018, Travelon purposefully transmitted a letter to Briggs & Riley ("Demand Letter") alleging patent infringement of the '636 Patent. Travelon demanded that Briggs & Riley, *inter alia,* pay for the alleged infringement, liquidate inventory of an allegedly infringing product, cease sales and agree to either discontinue or redesign the product, and acknowledge validity and enforceability of the '636 patent. Travelon alleged "patent violations" and urged "moving quickly to settle" to avoid "spend[ing] a lot of money fighting a patent in court." If seven (7) demands were not met, Travelon stated that it "has and will continue to enforce its intellectual property rights against unauthorized use and infringement" that "our company will pursue its legal options." (Exhibit B)

7.      In light of Travelon's accusations and demands, including but not limited to the demand to pay for alleged infringement and cease sales of product lines, Travelon has placed a cloud over Briggs & Riley's business and has created a concrete and immediate justiciable controversy between Briggs & Riley and Travelon.

8.      There exists an actual controversy between Briggs & Riley, on the one hand, and Travelon on the other hand, for claims under the Patent Law of the United States of America, 35

2

U.S.C. §271 *et seq.* Briggs & Riley seeks relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§2201 and 2202.

9. Jurisdiction and venue are proper because, on information and belief, Defendant conducts substantial business in this district, directly or through intermediaries and/or derives substantial revenue from goods and services provided to individuals in this judicial district, and/or a substantial part of the events or omissions giving rise to this action occurred in this judicial District. According to the website www.Travelonbags.com, Travelon has a multitude of retailers in this District. The business activities of Travelon also include promoting, offering for sale and selling products to consumers in New York and in this District through its interactive www.Travelonbags.com website. Venue is proper in this judicial district under 28 U.S.C. §§1391(b), (c) and/or 1400(b).

## FACTUAL BACKGROUND

10. Travelon's October 10, 2018 Demand Letter alleges infringement of the '636 Patent based on one product style-Kinzie Street Medium Backpack (Product No. ZP160-10). Prior to Travelon's Demand letter, Briggs & Riley had no knowledge of Travelon's patent.

11. On November 30, 2018, Travelon advised Briggs & Riley of four additional allegedly infringing styles and noted that Travelon had just purportedly settled lawsuits with a "large California backpack manufacturer, who was also not aware of this patent…" (See Exhibit C)

12. On information and belief, Travelon has commenced litigation against at least seven other companies since 2014 concerning the '636 Patent.

13. On December 14, 2018, Travelon asserted that the matter was "pretty cut and dry" and that Travelon had allegedly settled with "Outdoor Products on the same pocket last week" and imminently expected to settle another litigation allegedly leveled against "Pacsafe" with the hopes of getting their "patent law expenditures behind [them] for the year." (See Exhibit D)

14. On December 17, 2018, Travelon asserted that they had "gone around on this patent with many other vendors…and been able to settle all these cases without prolonged litigation". (See Exhibit E).

15. The October 30, 2018 Demand Letter and December 17, 2018 email contend that the '636 Patent covers an "open top pocket" or "open pocket" whereas Briggs & Riley's products have a non-infringing "closed top pocket" or "closed pocket".

16. One of ordinary skill in the art would not have alleged that Briggs & Riley's products having a "closed top" or "closed pocket" infringe any valid claims of the '636 Patent.

17. Research by one or more individuals at Travelon, in light of publicly available information, would have led to the conclusion that the accused Briggs & Riley products do not possess all the elements of the claims of the '636 Patent claims 1 and 4.

18. Travelon's allegations of Briggs & Riley's infringement of the '636 Patent are baseless, in part, because Briggs & Riley does not make, use, sell or offer to sell luggage having an open top expansion pocket among other elements of the claims of the '636 Patent to be demonstrated at trial.

19. Travelon's baseless allegations as to patent infringement of Briggs & Riley's products raise a concrete and immediate justiciable controversy.

### Count 1
### (Declaratory Judgment of Non-Infringement of the '636 Patent)

20. Briggs & Riley repeats and realleges the allegations of paragraphs 1 through 19 as if fully set forth herein.

21. A substantial, immediate and real controversy exists between Briggs & Riley and Travelon based, in part, on Travelon's Demand Letter and the representations therein and Briggs & Riley's unequivocal assertion that it does not infringe any valid claim of the '636 Patent.

22.     Briggs & Riley does not infringe and has not infringed the '636 Patent pursuant to 35 U.S.C. §271, literally or under the doctrine of equivalents, by making, using, selling or offering to sell Briggs & Riley's products.

23.     Prior to October 10, 2018, Briggs & Riley had no actual or constructive notice of the '636 Patent. Prior to October 10, 2018, Briggs & Riley had no knowledge of the '636 Patent.

24.     Briggs & Riley is entitled to a judgment declaring that it does not infringe, and has not infringed the '636 Patent by making, using, selling or offering to sell Briggs & Riley's products either literally or under the doctrine of equivalents.

## Count II
### (Declaratory Judgment of Invalidity of the '636 Patent)

25.     Briggs & Riley repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

26.     A substantial, immediate and real controversy exists between Briggs & Riley and Travelon based, in part, on Travelon's Demand Letter and the representations therein, and Briggs & Riley's unequivocal assertion that it does not infringe any valid claim of the '636 Patent.

27.     The '636 Patent is invalid under the Patent Laws of United States of America, 35 U.S.C. §1, *et seq.*, including but not limited to §§ 103 and/or 112.

28.     The arguably relevant claim of the '636 Patent is invalid under 35 U.S.C. §103, in part, because the problems allegedly solved by the '636 Patent would have been predictable to solve by a person of ordinary skill in the art in view of the prior art.

## Jury Demand

Briggs & Riley demands a trial by jury on all issues triable as such.

## Prayer for Relief

Therefore, Briggs & Riley respectfully asks this Court to enter judgment against Defendant Travelon as follows:

i. That Judgment be entered in favor of Plaintiff and against Travelon on each and every count of the Complaint;

ii. That Judgment be entered declaring that the accused products do not infringe and will not infringe any valid claim of the '636 Patent;

iii. That Judgment be entered declaring that Travelon is precluded from obtaining injunctive relief, money damages, enhanced damages, costs and/or attorneys' fees for any alleged infringement by Plaintiff;

iv. That Judgment be entered declaring the claims of the '636 Patent invalid and/or unenforceable;

v. That Judgment be entered permanently enjoining and restraining Travelon, its officers, agents, servants, employees, and attorneys, and all others acting for, on behalf of, or in active concert with any of them, from stating, implying, or suggesting that Plaintiff and/or its products infringe the '636 Patent;

vi. That Judgment be entered declaring that this case is exceptional in favor of Plaintiff under 35 U.S.C. §285, as well as the precedent of *Octane Fitness, LLC. v. ICON Health & Fitness, Inc.,* 134 S.Ct. 1749 (2014) and *Highmark Inc. v. Allcare Health Mgmt. Sys.,* 134 S.Ct. 1744 (2014), and accordingly Plaintiff be awarded its reasonable attorneys' fees and expenses;

vii. That Plaintiff be awarded its costs in this action;

      viii.    That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Dated: December 21, 2018            Respectfully submitted,

*(signature)*

Peter I. Bernstein (PB 3549)
Scully, Scott, Murphy, & Presser, P.C.
400 Garden City Plaza, Suite 300
Garden City, New York 11530
Tel 516-742-4343
Fax 516-742-4366
Email: pibernstein@ssmp.com

*Counsel for Plaintiff Briggs & Riley Travelware, LLC*